Charles J. Beckinella, J.
This is a motion by the defendant De Mornay-Bonardi Corp., appearing specially, to set aside the service of a summons made upon an employee of that corporation while the employee was attending an exhibition at the New York Coliseum. In brief it is stated by the president of De Mornay-Bonardi Corp. (1) that the employee who was served with the summons is not a person upon whom such service may be made pursuant to section 229 of the Civil Practice Act, and (2) that the corporation is a California corporation not doing business in New York, and therefore not amenable to process of this court.
In support of the motion the president of the corporation states, inter alia, that the corporation does not do business in New York, has not authorized anyone to receive process in its behalf, maintains no bank account in New York that the employee served “ is not an officer, director, cashier, assistant cashier, or agent, managing or otherwise ” of the corporation.
The employee who was served states he is not, nor has he ever been, “ an officer, director, managing* agent or cashier ” of the corporation for which he works; that he was at the Coliseum when he was served for the purpose of exhibiting the products of the corporation but was without authority to make “ binding contracts ” for the corporation’s products while in New York. He also states that the only conversation he had with the attorney for the plaintiff (who served him with the summons) was to acknowledge his name. Another employee of the corporation states that he had no conversations with the attorney for the plaintiff; that he and the employee who was served were in New York in connection with the display of the corporation which was “ solely for advertising purposes.”
The attorney for the plaintiff states that he had conversations with “various persons” including the president of the corporation and the employee who was served and they stated that the employee who was served was “ a managing agent, director, treasurer, secretary and cashier ” (emphasis added) of the corporation; that he was informed by the employee who was served that he was “ an officer, managing agent, director, treasurer, secretary and cashier of the corporation ’ ’; that the corporation offered merchandise for sale a,t the Coliseum; that the two employees of the corporation advertised merchandise *653 of the corporation and stated that the corporation does business in New York.
In summary, the attorney for the plaintiff bases his contention tha/t the corporation does business in New York on alleged conversations with two employees of the corporation who deny that those conversations ever took place. The attorney for the plaintiff points to no address or telephone listing of the corporation in New York nor any other indicia of a factual nature suggesting that the corporation does business in New York.
Each case involving the question of whether a foreign corporation is doing business in this State, so as to be subject to the jurisdiction of its courts, must be decided on its own particular facts. (Sterling Novelty Corp. v. Frank & Hirsch Distr. Co., 299 N. Y. 208, 210.) If the corporation is here “ not occasionally or casually, but with a fair measure of permanence and continuity, then, whether its business is interstate or local, it is within the jurisdiction of our courts ” (citing authority). (Tauza v. Susquehanna Coal Co., 220 N. Y. 259, 267.)
There is nothing before the court which indicates that the California corporation’s business in New York was other than casual or occasional. Accordingly, it is not amenable to process (Pennrich & Co. v. Juniata Hosiery Mills, 247 N. Y. 592; Vassallo v. Slomin, 278 App. Div. 949). No issues are presented which warrant a reference under paragraph (b) of subdivision 3 of section 237-a of the Civil Practice Act (Wolf v. Globe Hoist Co., 285 App. Div. 1167).
The motion is granted. Settle order on notice.