STANDARD WINE & LIQUOR Co., INC., Respondent, *v.* BOMBAY SPIRITS Co., LTD., Appellant, et al., Defendants.

First Department, April 5, 1966.

*Alvin J. Burnett* of counsel (*McLaughlin & Stern*, attorneys), for appellant.

*James B. Wigdor* of counsel (*Unterman & Alfieri*, attorneys), for respondent.

STEUER, J. The moving defendant (hereinafter defendant) is a Scottish corporation which distills liquors in the United Kingdom. It has a contract with defendant A. M. Penrose & Co., Inc. (Penrose) by the terms of which Penrose has the exclusive privilege of selling its products in the United States. Penrose buys whatever it requires from defendant in England and defendant ships it, F. O. B., to Penrose. Penrose, plaintiff and defendant made a contract whereby Penrose gave plaintiff the exclusive right to market defendant's products in the New York area and agreed to meet plaintiff's requirements for these products. Defendant agreed that it would not sell to anyone else in the New York area and that it would at all times have a sufficient supply to enable Penrose to fulfill its obligations to plaintiff.

This contract was negotiated in New York between the attorneys for Penrose and plaintiff. It was then sent to England where defendant signed it and returned it to New York, where plaintiff executed it. Defendant does no business here, has no representatives here, and, except to the extent indicated above, ships no goods here. It does submit monthly schedules of its price schedules to the New York State Liquor Authority. This is required of every manufacturer of alcoholic beverages whose products are sold here. The actual filing is done by Penrose.

Process in the action was served on defendant in England on the purported authority of CPLR 302. Plaintiff relies on three circumstances to support its claim that jurisdiction was obtained by this service. The first is that defendant's sale of goods which were ultimately put into commerce in New York constitutes doing business here. This contention has been expressly rejected (*Kramer* v. *Vogl,* 17 N Y 2d 27). Secondly, it claims jurisdiction by virtue of the fact that the contract in suit was made here. The fact that the final act of execution took place here is in and of itself insufficient to confer jurisdiction (*Millner Co.* v. *Noudar LDA,* 24 A D 2d 326). Lastly, it is claimed that defendant did business here through the agency of Penrose. Quite clearly Penrose was not defendant's agent. It bought goods from defendant which it then sold to others, including plaintiff, at an advanced price. No clearer instance of an independent contractor can be imagined. The mere fact that Penrose performed the ministerial act of filing schedules does not constitute Penrose an agent except for the purpose of so doing. As this act is in itself not doing business, this limited agency is meaningless on the issue of defendant's presence here.

The order should be reversed on the law, with costs and disbursements, and the motion granted.

BOTEIN, P. J., RABIN, MCNALLY and WITMER, JJ., concur.

Order, entered on September 1, 1965, unanimously reversed, on the law, with $50 costs and disbursements to the appellant, and the motion granted, with $10 costs.