M. KATZ & SON BILLIARD PRODUCTS, INC., Respondent, v. G. CORREALE & SONS, INC., Appellant.

First Department, June 9, 1966.

*Abbie Goldstein* of counsel (*William G. Wall,* attorney), for appellant.

*Howard L. Harawitz* of counsel (*Harawitz & Harawitz,* attorneys), for respondent.

BOTEIN, P. J. This action is to recover the agreed price of a quantity of billiard cues and triangles sold by plaintiff to a New Jersey corporation. Service of the summons and com-

plaint was made in that State in reliance on the long-arm statute (CCA, § 404, subd. [a], par. 1, corresponding to CPLR 302, subd. [a], par. 1). Defendant's answer pleaded *inter alia* lack of jurisdiction and, as a "Fourth Defense and Counterclaim", that the cues were crooked and worthless for use in billiards and that defendant had been damaged in the sum of $250.

In accordance with the practice of the parties extending over many years, one of defendant's employees in New Jersey had ordered the goods by telephone, and plaintiff had shipped them to New Jersey by common carrier F. O. B. its factory in New York City. Payment in the past presumably was made by remittance from New Jersey. These contacts with this State do not appear to constitute "purposeful acts" here sufficient to sustain jurisdiction (*Longines-Wittnauer* v. *Barnes & Reinecke,* 15 N Y 2d 443, 457; *Kramer* v. *Vogl,* 17 N Y 2d 27; *Millner Co.* v. *Noudar, LDA,* 24 A D 2d 326; *Standard Wine & Liq. Co.* v. *Bombay Spirits Co.,* 25 A D 2d 236).

Observing that defendant's answer includes a counterclaim, plaintiff invokes the doctrine of *Merchants Heat & Light Co.* v. *Clow & Sons* (204 U. S. 286), although it did not do so in the courts below. True, in that case it was stated that a defendant who sets up a counterclaim, even one arising wholly out of the same transaction sued upon by the plaintiff, submits to the jurisdiction of the court. The extent, however, to which the doctrine has survived the present Federal Rules of Civil Procedure seems uncertain; it is stated in *Globig* v. *Greene & Gust Co.* (193 F. Supp. 544, 548–549) on the basis of the decisions cited therein, that the cases "are divided as to whether a counterclaim, compulsory or noncompulsory, serves to waive a party's jurisdictional defenses."

We question whether the inflexible application of the doctrine that a counterclaim is a submission to jurisdiction is required by or desirable under New York law. In a case like the present, since defense and counterclaim both rely on the same alleged breach, a single litigation in a court of competent jurisdiction should be encouraged. If the jurisdiction is doubted — and bearing in mind that today our statutes permit a defense challenging jurisdiction to be combined with other defenses (CPLR 320, subd. [b], 3211, subd. [e]) — there seems no substantial reason why a jurisdictional objection, preserved though coupled with a defense on the merits, should be lost because also joined with a counterclaim reflecting the same issues as that defense. (Cf. *Farmingdale Steer-Inn* v. *Steer Inn Realty Corp.,* 20 A D

2d 819, 820; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3211.05; 5 Am. Jur. 2d, Appearance, § 20.) In our opinion the matter is properly governed by "considerations of judicial economy, convenience and fairness to litigants" (*Mine Workers* v. *Gibbs,* 383 U. S. 715, 726), viewed in the light of the liberal objectives of a modern practice code which no longer deems a jurisdictional attack inconsistent with participation in the merits.

Accordingly, the determination of Appellate Term entered on July 22, 1965, affirming Civil Court judgment in favor of plaintiff, should be reversed, on the law, with costs and disbursements, and defendant's motion for summary judgment should be granted to the extent of dismissing the complaint for lack of jurisdiction of the person of defendant. Settle order on notice.

RABIN, MCNALLY, STEVENS and STEUER, JJ., concur.

Determination of Appellate Term unanimously reversed, on the law, with $50 costs and disbursements to defendant-appellant, and defendant's motion for summary judgment granted to the extent of dismissing the complaint for lack of jurisdiction of the person of defendant. Settle order on notice.