The **TOTAL SOUND, INC.,** Plaintiff,

v.

**UNIVERSAL RECORD DISTRIBUTING CORPORATION,** Defendant.

No. 68 Civ. 1874.

United States District Court
S. D. New York.

July 1, 1968.

**124**

Nemser & Nemser, New York City, for defendant.

Tabak, Kurnit & Ruden, New York City, for plaintiff.

## OPINION

POLLACK, District Judge.

The defendant moves for an order pursuant to Rule 12(b)(2) F.R.Civ.P. to dismiss this action on the ground that this Court lacks jurisdiction over the person of the defendant; or alternatively, pursuant to 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the Eastern District of Pennsylvania.

Suit was commenced in the Supreme Court of the State of New York, New York County by service of a summons and complaint on the defendant in Philadelphia on April 11, 1968. Thereafter on petition of the defendant the action was removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 *et. seq.*, on the ground of diversity of citizenship and requisite amount in controversy.

The complaint is for goods sold and delivered by the plaintiff, a New York corporation located in New York City, to the defendant, a Pennsylvania corporation whose principal place of business is in Philadelphia. Service of the summons and complaint was made in Pennsylvania in reliance on the long-arm statute, New York Civil Practice Law and Rules ("CPLR") § 302.

Plaintiff manufactures and sells commercial phonograph recordings. Defendant is a distributor of commercial phonograph recordings of various companies.

Commencing in May 1967, the defendant purchased phonograph recordings from plaintiff. These purchases were made over the telephone from Philadelphia, or by written orders mailed from Philadelphia which were then accepted in New York. Deliveries of the recordings were made to defendant's warehouse in Philadelphia, F.O.B. New York. Payments were made by remittances from Philadelphia. The defendant's business was solicited by plaintiff through correspondence mailed to defendant addressed to Philadelphia and by advertisements in trade media disseminated in Philadelphia.

The defendant is a close corporation; all of its directors and officers are residents of Pennsylvania and all meetings of its Board of Directors are held within that State; all of its officers and employees work at and operate out of its offices and warehouse in Philadelphia; all shipments to its customers are made from its offices and warehouse in Philadelphia. Defendant's distribution territory does not include New York; it is confined to Eastern Pennsylvania, Southern New Jersey and Delaware.

The defendant is not qualified to do business in the State of New York; it has no salesmen, bank accounts, telephone listing or regular customers in New York and it does not solicit business in New York. Nor does the defendant make regular sales of merchandise in New York or store or warehouse any merchandise in New York.

The suit having been commenced in the State Court, jurisdiction over the person of the defendant in this Court depends upon the jurisdictional rules of the State of New York. Arrowsmith v. United Press International, 320 F.2d 219, 228–231 (2d Cir. 1963). The rules governing personal jurisdiction of the New York Courts over foreign corporations are contained in CPLR § 301 and § 302.

■ Defendant is amenable to service of process under § 301 if the corporation is doing business in New York. Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 115 N.E. 915 (1917); Holzer v. Dodge Bros., 233 N.Y. 216, 135 N.E. 268 (1922); Yeckes-Eichenbaum, Inc. v. McCarthy, 290 N.Y. 437, 49 N.E.2d 517 (1943); Miller v. Surf Properties, Inc., 4 N.Y.2d 475, 176 N.Y.S.2d 318, 151 N.E.2d 874 (1958); Bryant v. Finnish National Airlines, 15 N.Y.2d 426, 260 N.Y.S.2d 625, 208 N.E.2d 439 (1965).

Under § 302, the defendant is subject to the jurisdiction of the Courts of New York if the plaintiff's cause of action arises out of the transaction of any business in the state by the defendant.

■ It is apparent that the defendant is not "doing business" in the State of New York within the meaning of CPLR § 301. There is nothing before the Court which indicates that the defendant's business in the State is other than casual or occasional. McCarver v. DeMornay-Bonardi Corp., 13 Misc.2d 651, 178 N.Y.S.2d 443 (Sp.Tm.Kings, 1958); Emerson Radio & Phonograph Corp. v. Mayflower Sales Co., 124 N.Y.S.2d 83 (Sp.Tm.N.Y.1953). In *Emerson*, the defendant, an electrical appliances and equipment wholesale distributor, was a Missouri corporation, which sold its products within Missouri and Kansas alone and had no employees in New York. The Court held that, although the defendant made purchases in New York for resale, it was not "doing business" in New York.

■ Nor did the defendant transact business in New York under CPLR § 302. In M. Katz & Son Billiard Products, Inc. v. G. Correale & Sons, Inc., 26 A.D.2d 52, 270 N.Y.S.2d 672 (First Dept. 1966), the Appellate Division unanimously held that, on facts substantially similar to those of this case, the Courts of New York lacked jurisdiction:

"In accordance with the practice of the parties extending over many years, one of defendant's employees in New Jersey had ordered the goods by telephone, and plaintiff had shipped them to New Jersey by common carrier F.O.B. its factory in New York City. Payment in the past presumably was made by remittance from New Jersey. These contacts with this State do not appear to constitute 'purposeful acts' here sufficient to sustain jurisdiction (Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 N.Y.2d 443, 457, 261 N.Y.S.2d 8, 18, 209 N.E.2d 68, 75; Kramer v. Vogl, 17 N.Y.2d 27, 267 N.Y.S.2d 900, 215 N.E.2d 159; Millner Co. v. Noudar, LDA, 24 A.D.2d 326, 266 N.Y.S.2d 289; Standard Wine & Liq. Co. v. Bombay Spirits Co., 25 A.D.2d 236, 268 N.Y.S.2d 602)."

■ Accordingly, this Court lacks personal jurisdiction of the defendant. The motion of the defendant is granted and the complaint is dismissed. Lacking jurisdiction over the person of the defendant, the Court cannot transfer this action to Pennsylvania. Fistel v. Beaver Trust Co., 94 F.Supp. 974 (S.D.N.Y. 1950).

So ordered.