RAINBOW INDUSTRIAL PRODUCTS,
Plaintiff,

v.

HAYBUSTER MANUFACTURING,
INC., Defendant.

No. 76 C 578.

United States District Court,
E. D. New York.

Aug. 18, 1976.

Steinhaus & Forman, Brooklyn, N. Y., for plaintiff.

Corner, Finn, Dwyer & Charles, Brooklyn, N. Y., for defendant.

## MEMORANDUM AND ORDER

PRATT, District Judge.

Every day business dealings between New York State and cities throughout the country are carried on by countless phone calls and letters. In many cases, these communications are the only contacts which business concerns from other states have with New York. The question before the court is: are such phone calls and letters, without more, sufficient to subject an out of state business to the long arm jurisdiction of New York State?

Defendant, a North Dakota corporation, moves to dismiss for lack of personal jurisdiction an action brought by a New York corporation for breach of contract. Subject matter jurisdiction rests on diversity of citizenship. Absent constitutional restrictions not present here, in personam jurisdiction in diversity actions is determined in accordance with the law of the state where the District Court sits. *Arrowsmith v. U.P.I.*, 320 F.2d 219 (C.A.2 1963). Consequently, jurisdiction in this case, if it exists, must arise out of New York's Civil Practice Law and Rules (CPLR).

More specifically, any jurisdiction over the defendant here must be based on CPLR § 302(a)1, which provides in pertinent part:

> "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary, * * * who in person or through an agent:

> "1. transacts any business within the state; * * *"

Whether or not a defendant "transacts business within the state" depends heavily on the facts in each case.

"[T]he inquiry to be made in a section 302 case is whether, looking at 'the totality of the defendant's activities within the forum,' purposeful acts have been performed in New York by the foreign corporation in relation to the contract, 'albeit preliminary or subsequent to its execution.' While there may be little or no argument with this statement of the rule, each case arising under the statute requires a consideration of each of the defendant's activities within and without the state, bearing in mind that 'although it is their aggregate which will decide the issue of jurisdiction, some activities are more important than others and, therefore, separate evaluation aids analysis.' McLaughlin, Practice Commentaries 7B CPLR § 302 (McKinney 1972), at 74." *Galgay v. Bulletin Company, Inc.,* 504 F.2d 1062 (C.A.2 1974).

Here the relevant facts presented in the affidavits are not in dispute. Plaintiff, a New York corporation, is engaged in the manufacture and sale of industrial products. Defendant, a North Dakota corporation, makes agricultural machinery. In 1972, defendant first contacted plaintiff to discuss the purchase of goods. From 1972 through 1974 the parties communicated in three ways: by phone, by mail, and face-to-face in meetings at defendant's office in Jamestown, North Dakota. There was never any meeting of the parties in New York. As a result of these communications defendant made several different purchases of plaintiff's goods, at a total price of over one million dollars.

This action concerns only one of defendant's purchases: an order for specially manufactured chains at a price of approximately $203,000. The order was mailed from North Dakota to New York in January of 1974, following the usual negotiations by phone, by mail, and face-to-face at defendant's office in North Dakota. After accept-

ing the order by letter and telephone, plaintiff arranged for the chains to be manufactured in Japan, from where they were apparently shipped via the West Coast for delivery to defendant. Plaintiff, alleging that defendant did not fully pay for the chains, brought this action in New York District Court for the balance of the price.

Although plaintiff concedes "that defendant has physically never been in New York during the transactions between defendant and plaintiff" (Miller affidavit, ¶ 5), it claims that personal jurisdiction under CPLR 302(a)1 arises out of the many phone calls and letters between the parties from 1972 through 1974, along with the mailing into New York and acceptance in New York of the particular purchase order being sued upon.

The guidelines for determining whether a defendant has transacted any business within the state under CPLR 302 were considered by the New York Court of Appeals in *Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc.,* 15 N.Y.2d 443, 261 N.Y. S.2d 8, 209 N.E.2d 68 (1965), cert. den. sub nom. *Estwing Manufacturing Co. v. Singer,* 382 U.S. 905, 86 S.Ct. 241, 15 L.Ed.2d 158 (1965). In that case, a Chicago corporate defendant in a breach of warranty action sought to defeat jurisdiction on the ground that it had signed the contract in Chicago. The court rejected the argument holding that:

"[E]ven though the last act marking the formal execution of the contract may not have occurred within New York, the statutory test may be satisfied by a showing of other purposeful acts performed by the (defendant) in this state in relation to the contract, albeit preliminary or subsequent to its execution." 15 N.Y.2d at 457, 261 N.Y.S.2d at 18, 209 N.E.2d at 75.[1]

The New York Court of Appeals also found activities by the defendant within the state:

"The activities in which the appellant engaged in this State were assuredly adequate to meet the liberal statutory crite-

---

1. Conversely, acceptance of a contract offer in New York does not alone establish 302 jurisdic-

tion. *Galgay v. Bulletin Company, Inc., supra,* 504 F.2d at 1065–66.

rion. They comprised substantial preliminary negotiations through high-level personnel during a period of some two months; the actual execution of a supplementary contract; the shipment for use here, subject to acceptance following delivery, of two specially designed machines, priced at the not inconsiderable sum of $118,000; and the rendition of services over a period of some three months by two of the appellant's top engineers in supervising the installation and testing of the complex machines." 15 N.Y.2d at 457, 261 N.Y.S.2d at 19, 209 N.E.2d at 75.

The Court then noted:

"We need not determine whether any one of the foregoing activities would in and of itself, suffice to meet the statutory standard; in combination they more than meet that standard. And merely to list the activities in which the appellant engaged in this State answers any constitutional objection which might be raised against requiring the appellant to make its defense in our courts. Not only did the contract upon which the suit is based have 'substantial connection' with New York (*McGee v. International Ins. Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 2 L.Ed.2d 223, supra) but the appellant's 'contacts' with this State were such 'that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' (*International Shoe Co. v. Washington*, 326 U.S. 310, 316, 166 S.Ct. 154, 158, 90 L.Ed. 95, supra.) Nor may it be said that the limits indicated by *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283, supra, have been exceeded, for it is clear, to cull from the court's opinion in that case (p. 253, 78 S.Ct. p. 1240), that the appellant 'purposefully avail[ed] itself of the privilege of conducting activities within  *  *  * [this] State' and thereby 'invok[ed] the benefits and protections of its laws.' " 15 N.Y.2d at 458, 261 N.Y.S.2d at 19, 209 N.E.2d at 76

In contrast to *Longines-Wittnauer, supra*, defendant Haybuster here has never entered the state; it has had no physical presence here; it has availed itself of no business privileges here; and it has not wished the benefits and protections of New York law.

In one case, the New York Court of Appeals has held that there may be jurisdiction under CPLR 302 even though the defendant was never physically present in New York. *Parke-Bernet Galleries, Inc. v. Franklyn*, 26 N.Y.2d 13, 308 N.Y.S.2d 337, 256 N.E.2d 506 (1970). There the court found jurisdiction over a California defendant who had participated in a New York City art auction by bidding over an open telephone line. The court held that this one phone call constituted the transaction of business under CPLR 302. However, noting the unusual nature of this one phone call, the court was careful to point out that:

"This activity far exceeded the simple placing of an order by telephone" 26 N.Y.2d at 18, 308 N.Y.S.2d at 340, 256 N.E.2d at 508

and that it differed from:

"the situation where a defendant merely telephones a single order from outside the State—a case in which our courts would not have such jurisdiction." 26 N.Y.2d at 17, 308 N.Y.S.2d at 340, 256 N.E.2d at 508

By such language the Court of Appeals effectively distinguished *Parke-Bernet, supra*, from the case at bar.

*Katz & Son Billiard Prods. v. Correale & Sons*, 26 A.D.2d 52, 270 N.Y.S.2d 672 (1st Dept. 1966), aff'd without opinion, 20 N.Y.2d 903, 285 N.Y.S.2d 871, 232 N.E.2d 864 (1967), closely resembles the facts of this case. There, jurisdiction was denied over a New Jersey defendant who had ordered goods from New York by telephone, following a business practice which the parties had established over many years. The New York courts found that telephone orders there did not, in themselves, constitute the transaction of any business within the state, a finding which was cited with approval by the Court of Appeals in *Parke-Bernet, supra*, 26 N.Y.2d at 17, 308 N.Y.S.2d 337, 256 N.E.2d 506.

Plaintiff argues that the present case is different, not because the communications were of a different kind, as was the phone call in *Parke-Bernet,* but simply because the phone calls were more numerous. However,

> "No purpose would be served in comparing the number of acts of a foreign corporation in adjudicated cases with those of the defendant whose conduct is being examined as a jurisdictional base, since the test is *what kind* of acts and not *how many.*" *Pallas v. Driv-Rite, Inc.,* 252 F.Supp. 582 (NDNY1966) (emphasis in original).

In *Galgay v. Bulletin Company, Inc., supra,* 504 F.2d 1062, there were, as here, numerous phone calls and the mailing of a purchase order to be accepted in New York. Unlike here, the defendant there also physically entered New York to pick up the machinery for delivery to defendant's plant. But those combined contacts were still insufficient to establish long arm jurisdiction under CPLR 302. Much less so here could there be such jurisdiction when the factor of a New York delivery of the goods is lacking.

Even assuming that phone calls and letters in connection with a purchase order might in some circumstances satisfy CPLR 302, the totality of factors in this case would preclude this court from asserting jurisdiction over this defendant. First, face-to-face negotiations took place at defendant's office in North Dakota, but never at plaintiff's office, or anywhere else in New York. While the site of negotiations is a significant factor in determining where the business was transacted, see *Galgay v. Bulletin, supra,* at 1065, here that factor points toward North Dakota, not New York. Second, the chains here were manufactured outside of New York, and never at any time were located within the state. ■ In summary, viewing all the contacts, this purchase of chains was negotiated by letters, into and out of New York, by phone calls between North Dakota and New York, and by face-to-face meetings in North Dakota. A purchase order was mailed by defendant from North Dakota to plaintiff in New York, and defendant mailed back its acceptance. Plaintiff then arranged to have the chains manufactured in Japan and shipped directly to North Dakota, without ever passing through New York. Under these facts taken as a whole, defendant has not conducted the purposeful activities in New York which are needed to constitute the transaction of business under CPLR 302.

Accordingly, the motion to dismiss for lack of in personam jurisdiction should be granted.

SO ORDERED.