**MED–SPAN SHIPPING SERVICES, LTD., Plaintiff,**

v.

**JERRY JONES MACK, INC. and Bagher Navid (Navid Brothers Trading Firm), Defendants.**

No. 77 Civ. 3095 (LFM).

United States District Court, S. D. New York.

Jan. 10, 1978.

Josiah K. Adams, Jr. and Austrian, Lance & Stewart, P. C., New York, City, for plaintiff by Josiah K. Adams, Jr. and Sandra Gale Behrle, New York City.

Weil, Gotshal & Manges, New York City, for defendant Jerry Jones Mack, Inc. by Dennis J. Block and Neal Schwarzfeld, New York City.

## OPINION

MacMAHON, District Judge.

In this admiralty case, an ocean carrier sues to recover freight for the trans-Atlantic carriage of certain cement mixer trucks. Defendant Jerry Jones Mack, Inc. ("Mack"), a New Jersey corporation, was the shipper. Defendant Bagher Navid (Navid Brothers Trading Firm) ("Navid"), an Iranian corporation, was the consignee.

Mack moves to dismiss the complaint for lack of jurisdiction over the person, Rule 12(b)(2), Fed.R.Civ.P., or, in the alternative, for summary judgment, Rule 56, Fed.R. Civ.P. Plaintiff cross-moves for leave to amend the complaint, Rule 15(a), Fed.R. Civ.P., and for summary judgment, Rule 56, Fed.R.Civ.P.

## FACTS

In the spring of 1975, Navid sought to acquire a number of used cement mixer trucks. Mack located eighteen such trucks in Connecticut and, acting as Navid's agent, arranged for their sale to Navid for a commission of $200.00 per truck. Payment for the trucks was to be by letter of credit, payable to the order of Mack, the latter, in turn, to remit the purchase price to the Connecticut seller.

Navid engaged plaintiff to carry the trucks to Iran. Since Mack was also acting as shipper and made the arrangements for carriage with the plaintiff, Mack engaged the services of Albert E. Bowen, Inc. ("Bowen"), a New York-based freight forwarder, to prepare and execute the bill of lading and attend to the other details of the transaction.

Ultimately, plaintiff delivered the trucks to Iran, and Navid paid a portion of the freight. Plaintiff thereupon instituted this suit against Mack and Navid for the remainder of the freight and for storage charges.

## PERSONAL JURISDICTION

Mack moves to dismiss the complaint for lack of jurisdiction over the person. Rule 12(b)(2), Fed.R.Civ.P. Plaintiff bases jurisdiction on Rule 4(e), Fed.R.Civ.P., and New York's long-arm statute, which, in pertinent part, provides:

"As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal, jurisdiction over any nondomiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the state . . . ." N.Y. CPLR § 302(a).

The parties agree that Mack itself performed no acts within the state. They further agree, however, that Bowen served as Mack's local agent and, on Mack's behalf, performed certain acts within the state.[1]

---

1. The existence of an agency is thus conceded, and we need not address the difficult questions surrounding the imputation of agency for jurisdictional purposes. See *Parke-Bernet Galler-*

The question, therefore, is whether Bowen's acts amounted to the transaction of business. We hold that they do and deny Mack's motion to dismiss.

■ As stated above, Bowen acted as Mack's freight forwarder. In that capacity, Bowen prepared the bill of lading for shipment to Iran and presented the bill to the carrier for execution. Such acts are tantamount to the execution of a contract of carriage within the state and might, in themselves, be a sufficient premise for the exercise of jurisdiction. *George Reiner & Co. v. Schwartz*, 41 N.Y.2d 648, 653, 394 N.Y.S.2d 844, 847–48, 363 N.E.2d 551, 554 (1977).

Our decision, however, need not rest solely upon this single act by Bowen. As Mack's agent, Bowen performed substantial additional activities which, when viewed in conjunction with the execution of the bill of lading, are more than sufficient to take the case across the jurisdictional threshold.

After execution of the bill of lading, Bowen negotiated it for Mack's account against a letter of credit at a New York bank. Subsequently, Bowen prepared Mack's export declaration and arranged for the delivery of the trucks to the pier in Baltimore, Maryland. These were purposeful acts performed in this state for defendant's financial benefit and in fulfillment of defendant's contractual obligations. Although these activities might well have been conducted from Mack's New Jersey offices, Mack chose instead to enter the state through an agent and to have its business conducted here. Given this deliberate entry into the state for business purposes, as well as the execution of the bill of lading, we have little hesitation in concluding that Mack, through Bowen, availed itself of "the privilege of conducting activities in [New York], thus invoking the benefits and protection of [New York's] laws," and subjecting it to our jurisdiction.

*ies, Inc. v. Franklyn*, 26 N.Y.2d 13, 18–19, 308 N.Y.S.2d 337, 341, 256 N.E.2d 506, 509 (1970); *Traub v. Robertson-American Corp.*, 82 Misc.2d 222, 368 N.Y.S.2d 958 (Sup.Ct.1975);

*George Reiner & Co. v. Schwartz, supra*, 41 N.Y.2d at 653, 394 N.Y.S.2d at 847, 363 N.E.2d at 554. See also *Orient Mid-East Lines, Inc. v. Albert E. Bowen, Inc.*, 297 F.Supp. 1149, 1152 (S.D.N.Y.1969), *aff'd on other grounds*, 458 F.2d 572 (2d Cir. 1972).

We, therefore, find that Mack "transact[ed]" business through an agent within the state and is subject to our in personam jurisdiction under N.Y. CPLR § 302(a)(1). In view of this conclusion, we need not address the question whether Mack is "doing business" in New York so as to be amenable to our jurisdiction under N.Y. CPLR § 301.

## SUMMARY JUDGMENT FOR MACK

■ In the alternative, Mack seeks summary judgment, contending that plaintiff and Mack agreed that freight would be paid solely by Navid. Since plaintiff denies the making of such an agreement, a genuine issue of fact is presented, and summary judgment is inappropriate. Mack's motion for summary judgment is therefore denied.

## LEAVE TO AMEND THE COMPLAINT

■ Plaintiff seeks leave to amend the ad damnum clause of the complaint. Mack interposes no opposition on this motion. Leave to amend "shall be freely given." Rule 15(a), Fed.R.Civ.P. We, therefore, grant plaintiff leave to amend the ad damnum clause of the complaint within twenty (20) days.

## SUMMARY JUDGMENT FOR PLAINTIFF

■ Plaintiff seeks summary judgment on the basis of Clause 14 of the bill of lading, which provides that Mack, as shipper, and Navid, as consignee, would be "jointly and severally liable" for freight. In opposition, Mack contends that the negotiations and conduct of the parties demon-

*Galgay v. Bulletin Co.*, 504 F.2d 1062, 1065 (2d Cir. 1974); 1 J. Weinstein, H. Korn & A. Miller, New York Civil Practice ¶ 302.06, at 3–87–88 (1975 and Supp. 1977).

strate that plaintiff had accepted Navid as the sole obligor for the freight. Certainly, the parties may, by conduct or agreement, alter the relevant terms of the bill of lading so as to obligate the carrier to look solely to the consignee for freight. See, *e. g., Farrell Lines Inc. v. Titan Industrial Corp.*, 306 F.Supp. 1348, 1351 (S.D.N.Y.), *aff'd per curiam*, 419 F.2d 835 (2d Cir. 1969), *cert. denied*, 397 U.S. 1042, 90 S.Ct. 1365, 25 L.Ed.2d 653 (1970). Whether the parties have done so is a question of fact which can only be resolved at trial. Plaintiff's motion for summary judgment on the basis of Clause 14 of the bill of lading is therefore denied.

There is no merit in plaintiff's further contention that the Shipping Act of 1916, 46 U.S.C. § 815,[2] compels summary judgment for plaintiff. That statute requires merely that the carrier collect a full freight charge. It does not purport to impose the full freight charge on any particular party. See, *e. g., Farrell Lines Inc. v. Titan Industrial Corp.*, *supra*, 306 F.Supp. at 1349; *Consolidated Freightways Corp. v. Admiral Corp.*, 442 F.2d 56, 63 (7th Cir. 1971); *Southern Pac. Trans. Co. v. Campbell Soup Co.*, 455 F.2d 1219, 1221–22 (8th Cir. 1972). The statute would not be violated by an agreement that plaintiff would look solely to Navid for the full freight. As we have already concluded, only after trial can we determine whether such an agreement was reached. Plaintiff's motion for summary judgment on the basis of the Shipping Act is therefore denied.

Accordingly, defendant Mack's motion to dismiss the complaint for lack of jurisdiction over the person is denied; Mack's motion for summary judgment is denied; plaintiff's motion for leave to amend the complaint is granted; and plaintiff's motion for summary judgment is denied.

So ordered.

2. The statute provides, in relevant part:

"It shall be unlawful for any shipper, consignor, consignee, forwarder, broker, or other person, or any officer, agent, or employee thereof, knowingly and wilfully, directly or indirectly, by means of false billing, false classification, false weighing, false report of weight, or by any other unjust or unfair device or means to obtain or attempt to obtain transportation by water for property at less than the rates or charges which would otherwise be applicable."