# (January 19, 1981)

■ Court Planners and Investor Services, Ltd., Appellant, v Kenneth C. Fegely, Individually and Doing Business as Ken Fegely Building Company, Respondent. — In an action to recover for goods sold and delivered, plaintiff appeals from an order of the Supreme Court, Nassau County, dated November 26, 1979, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 8). Order affirmed, without costs or disbursements. Defendant, a Pennsylvania resident, purchased certain goods from plaintiff, a New York corporation with its principal place of business in Nassau County. The goods were delivered in Pennsylvania to defendant, who made partial payment, leaving a balance due and owing of approximately $7,500. Thereafter, plaintiff commenced the instant suit by service of a summons and complaint on defendant as an individual. Defendant moved pursuant to CPLR 3211 (subd [a], pars 7, 8) to dismiss the complaint. Under paragraph 7 defendant claimed that the complaint failed to state a cause of action since plaintiff had never transacted with him as an individual. Defendant contended that at all times plaintiff had transacted business with "Ken Fegely Building Co., Inc.", a Pennsylvania corporation. Under paragraph 8 defendant inartfully asserted that even if plaintiff had dealt with him in his individual capacity, a New York court could not exercise in personam jurisdiction over him since he was a Pennsylvania resident and had no minimum contacts with this State. Special Term granted the motion to dismiss "pursuant to CPLR

3211 (a) (8)", even though there was some confusion in the papers submitted on the motion as to whether the issue of in personam jurisdiction had been raised. This court is satisfied that the issue was adequately raised and that plaintiff failed to sustain its burden of proving (*Lamarr v Klein,* 35 AD2d 248, affd 30 NY2d 757) that defendant was subject to in personam jurisdiction in this State (cf. *Katz & Son Billiard Prods. v Correale & Sons,* 26 AD2d 52, affd 20 NY2d 903). Accordingly, Special Term's order must be affirmed. Lazer, J. P., Mangano, Gibbons and Cohalan, JJ., concur.