[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#102)
The plaintiff; a Delaware Corporation with its office and principal place of business in Connecticut, instituted the present action against the defendant, a Michigan Corporation with its office and principal place of business in Michigan, seeking to recover sums due under agreements by which the plaintiff was to provide programming services for distribution to the defendant. The defendant has filed a motion to dismiss the action asserting that the Connecticut's long arm statute does not provide a basis for jurisdiction and that the exercise of jurisdiction would constitute a violation of the due process clause of the 14th Amendment. The motion was submitted to the court based upon affidavits and briefs submitted by the respective parties.
The television programming is said to have originated in Connecticut in beamed by satellite to Michigan. The agreements in issue were negotiated in Michigan and no employee or agent of the defendant traveled to Connecticut to negotiate the agreement. Some negotiations were however conducted telephonically. The defendant has never had a business office in Connecticut, nor have employees who maintained a business office in CT Page 8387 Connecticut; did not advertise in Connecticut and never solicited business from entity in Connecticut. All of the defendant's television subscribers were located in Michigan. The contracts were signed by the defendant in Michigan and apparently forwarded to Connecticut where the contracts were signed on behalf of the plaintiff. The plaintiff has filed an affidavit saying that the defendant was required to send verification of the number of subscribers to Bristol, Connecticut and that remittances were reviewed in Connecticut. Contracts between the parties contained no choice of forum provisions although they do provide that they are governed by Connecticut law.
In the determination of the existence of personal jurisdiction, the court first addresses whether the statute in question authorizes the exercise of jurisdiction and if so, whether the assertion of such jurisdiction would violate constitutional principles of due process.Frazer v. McGowen, 198 Conn. 243, 246 (1986); Lombard Bros., Inc. v.General Asset Management Co., 190 Conn. 245, 250 (1983). A due process analysis requires an examination of whether a nonresident defendant in the foreign state has "certain minimum contacts . . . such as that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington,326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). "The twin touchtones of due process analysis under the minimum contracts doctrine are foreseeability and fairness." U.S. Trust Co. v. Bohart, 197 Conn. 34,41 (1985). The doctrine of foreseeability is that the defendant's conduct in connection with the foreign state are such that he should reasonably anticipate being hailed into court in that state. World-Wide Volks WagenCorp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, L.Ed.2d 490 (1980). In determining the existence of jurisdiction, the plaintiff must sustain the burden of proof with respect to the Motion to Dismiss.Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 54, (1983).
In the present case the defendant had little or no contact with the State of Connecticut except possible telephone conversations with people located in Connecticut; sending information to Connecticut and having remittances reviewed in Connecticut. The signals obtained by the defendant were from an orbiting satellite and distributed solely to Michigan customers and the fact that the contract was signed in Connecticut under company policy is not controlling. See Galway v.Bulletin Co., Inc., 504 F.2d 1062, 1065 (2nd Cir. 1975). Therefore the court finds that the contract was not made or performed within the state of Connecticut in the meaning of General Statutes § 52-929 (f). Even if the aforementioned statute were construed so as to justify the assertion of jurisdiction, the assumption of such jurisdiction would raise serious due process considerations under the cases hereinbefore cited. CT Page 8388
Accordingly, the motion to dismiss is hereby granted.
RUSH, J.