[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 106)
The plaintiff instituted suit against the defendant, whose principal place of business is located in the state of California, to recover sums claimed to have been due for consulting services provided by the plaintiff to the defendant. The agreement was not made in the State of Connecticut and it appears that it may have been made at a trade show in Las Vegas. At any rate, the plaintiff performed services under the agreement. Nearly all of the duties were performed either in whole or in part by employees of the plaintiff at the plaintiff's offices in Westport, Connecticut. The plaintiff was unable to regularly provide services to its clients and conduct other normal business operations outside of its offices in Westport, Connecticut. The defendant's primary obligations under the agreement was to remit payment to the plaintiff's offices in Westport, Connecticut. The defendant's own press releases regularly urged recipients to contact the plaintiff at its Westport offices for additional information.
Defendant has filed a motion to dismiss the action asserting that the court lacks jurisdiction over it. Plaintiff asserts that jurisdiction exists by virtue of General Statutes § 33-929 (f)(1) which provides that a foreign corporation shall be subject to suit in this state "on any cause of action arising out of any contract made in this state or performed in this state."
In the determination of the existence of personal jurisdiction, the court first addresses whether the statute in question authorizes the exercise of jurisdiction and if so, whether the assertion of such jurisdiction would violate constitutional principles of due process.Frazer v. McGowen, 198 Conn. 243, 246 (1986); Lombard Bros., Inc. v.General Asset Manaaement Co., 190 Conn. 245, 250 (1983). A due process analysis requires an examination of whether a nonresident defendant in the foreign state has "certain minimum contacts . . . such as that the CT Page 366 maintenance of the suit does not offend "traditional notions of fair play and substantial justice."' International Shoe Co. v. Washinoton,326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). "The twin touchtones of due process analysis under the minimum contracts doctrine are foreseeability and fairness." U.S. Trust Co. v. Bohart, 197 Conn. 34,41 (1985). The doctrine of foreseeability is that the defendant's conduct in connection with the foreign state are such that he should reasonably anticipate being hailed into court in that state. World-Wide Volks WagenCorp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, L.Ed.2d 490 (1980). In determining the existence of jurisdiction, the plaintiff must sustain the burden of proof with respect to the Motion to Dismiss.Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 54 (1983). ESPN, Inc. v.Horizon Cablevision, Inc., 2000 Ct. Sup. 8386, 27 CLR 491, docket CV99 367348S, Superior Court, judicial district of Fairfield at Bridgeport.
While the contract was not made in the State of Connecticut, the fact that the performance by the plaintiff was in the State of Connecticut comes within the statute, and accordingly, Connecticut may exercise jurisdiction under General Statutes § 33-929 (f)(1) because the contract was performed in this state.
The defendant asserts that the case of ESPN, Inc. v. HorizonCablevision, Inc., 27 CLR 491 (July 14, 2000) (Superior Court, Bridgeport) (Rush, J.) dictates a contrary result. However, in the ESPN
case, it was found that the contract was not performed in the State of Connecticut because satellite signals were obtained from an orbiting satellite and distributed solely to customers in Michigan.
The defendant also asserts that due process considerations prevent the exercise of jurisdiction. However, the fact that the defendant's own press releases regularly urged recipients to contact the plaintiff in Connecticut establishes that the defendant "should reasonably anticipate being hailed into court" in this state.
Accordingly, the Motion to Dismiss is denied.
RUSH, J.