Charles J. Beckinella, J.
This is a motion by the defendant, an Ohio corporation, to vacate the summons served upon it upon the grounds (a) that the defendant is a foreign corporation not doing business within the State of New York and (b) that the person upon whom the disputed service was made is not a person upon whom such service may be made pursuant to section 229 of the Civil Practice Act. As to the latter contention, it is immaterial who was served if the Ohio corporation is not doing business in New York (Ultramar Co. v. Minerals Separation, 236 N. Y. 647).
The challenged process was served upon Mr. Thomas Gf. Bishop, the sales manager of the Plastic Machinery Division of *225 the defendant while he was present at a display set np by the defendant at a four-day plastics exposition at the Coliseum in Manhattan. The defendant maintains no place of business in the State of New York. The Manhattan Classified Telephone Directory lists the defendant twice as being located at Teaneck, New Jersey. The defendant had a telephone at the Coliseum during the four-day exposition. At its exhibit at the Coliseum four officers of the defendant were present and, it is stated by the attorney who served the summons upon Mr. Bishop, the eastern district sales manager of the defendant was willing to take an order for a machine manufactured by the defendant. The same attorney further swears that at the exhibit other employees of the defendant were available to take orders. Mr. Bishop, upon whom the summons was served is not an officer of the defendant.
Each case involving the question of whether a foreign corporation is doing business in this State so as to be subject to the jurisdiction of its courts, must be decided on its own particular facts (Sterling Novelty Corp. v. Frank & Hirsch Distr. Co., 299 N. Y. 208, 210). If the corporation is here “ not occasionally or casually, but with a fair measure of permanence and continuity, then, whether its business is interstate or local, it is within the jurisdiction of our courts [citing authority].” (Tauza v. Susquehanna Coal Co., 220 N. Y. 259, 267.)
There is nothing before the court which indicates that the defendant Ohio corporation’s business in New York was other than casual or occasional. Accordingly, it is not amenable to process (Pennrich & Co. v. Juanita Hosiery Mills, 247 N. Y. 592; Vassallo v. Slomin, 278 App. Div. 949). No issues are presented which warrant a reference under section 237-a (subd. 3, par [b]) of the Civil Practice Act. (Wolf v. Globe Hoist Co., 285 App. Div. 1167.)
The motion is granted. Settle order on notice.