Benjamin Brenner, J.
Motions by defendants Hosho of America, Inc., and The Hosho Corporation appearing specially to .set aside the service of the respective summonses as to them, made upon the defendant Tanaka while he was attending an exhibition conducted at the Hotel New Yorker. Plaintiffs cross-move for an order pursuant to section 237-a of the Civil Practice Act referring the questions of fact as to jurisdiction to a Referee or jury or for an order denying the motions, with leave to the defendants to plead the same facts as defenses in their respective answers.
The movant corporations contend that they are foreign corporations not doing business within the State of New York. The Hosho Corporation asserts that it was organized and exists pursuant to the laws of Japan; that its sole office is at all times located in Tokyo and that it never qualified or attempted to do business in the State of New York; that it maintains no store, warehouse, or other place for the conduct of its business nor maintains any bank account or property in the State; that it has never had any officer, director, employee or agent residing or having an office within the State. Hosho of America, Inc., except as to the fact that it was incorporated in the State of California, sets forth the same facts and denials in its moving papers. The latter does admit, however, that during the period of June 22 to June 25, 1959 it exhibited merchandise at a trade show in New York for the purpose of gauging the reaction of the *870 American market to its merchandise. Both corporations deny the ownership of the stock of the other.
Plaintiffs allege, as the basis for their contentions of valid service and that the defendants were doing business in New York, that the defendant Tanaka was and is the principal officer and -stockholder of both corporations and in connection therewith spends a substantial amount of time in New York; that both corporate defendants are affiliated and that officers of both may own stock in each. It is further charged that the defendant Hosho of America, Inc., participated in the trade show heretofore mentioned; that in any event, it is not a de jure corporation since it had not complied with the requirements of the incorporating State and was, instead, a de facto corporation and accordingly that defendant Tanaka, as its officer and director, was individually responsible and answerable for the activities of such corporation and service upon him was service upon it.
The burden is upon plaintiffs to prove that the defendants are amenable to service of process upon them in the State of New York. They are required to show that the corporations are doing a substantial part of their business in this State before such service may be sustained (Yeckes-Eichenbaum, Inc., v. McCarthy, 290 N. Y. 437), and it is immaterial who is served with process if plaintiffs fail to establish that they were doing busines here (Ultramar Co. v. Minerals Separation, 236 N. Y. 647; Molina v. Hydraulic Press Mfg. Co., 10 Misc 2d 224). If the corporations are here, not occasionally or casually but with a fair measure of permanence and continuity, they are subject to our jurisdiction (Tauza v. Susquehanna Coal Co., 220 N. Y. 259, 267).
The mere solicitation of business for such out-of-State corporations is in and of itself not enough to constitute doing business in-the State (Miller v. Surf Properties, 4 N Y 2d 475). Nor, does the fact that the defendant Hosho of America, Inc., participated in the trade exhibition give this court jurisdiction over it (McCarver v. De Mornay-Bonardi Corp., 13 Misc 2d 651; Molina v. Hydraulic Press Mfg. Co., supra). The plaintiffs have failed to establish that said Hosho of America, Inc., is a de facto corporation, amenable to service of process. The California statutes referred to by the plaintiffs merely reveal a possible noncompliance with the requirements of the California Corporate Securities Law. Section 25500 of such act prohibits the sale of securities or stock of the company’s own issue unless a permit authorizing it to do so has been issued by the authorities, the provision having been enacted for the protection of *871 the public against fraudulent stock sales (Sargent v. Coppage, 47 Cal. App. 2d 122). Compliance with its terms, however, is not shown to be a condition for a corporation to enjoy de jure status, as demonstrated by section 25154, which permits the organization of the corporation, the transaction of business and the performance of any act other than the issue or sale of securities, prior to the issue of its stock.
There is nothing before me which establishes that the business of either of the defendant corporations in New York was other than a casual or occasional, nor are any issues presented which warrant a reference pursuant to section 237-a of the Civil Practice Act. Accordingly, the defendants’ motions are granted and the plaintiffs’ motion denied. Settle order on notice.