■ HELEN ZIPERMAN, Respondent, v FRONTIER HOTEL OF LAS VEGAS, Appellant.—In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Queens County, entered December 12, 1974, which denied its motion to dismiss the complaint for lack of personal jurisdiction. Order reversed, on the law, with $20 costs and disbursements, and motion granted. Plaintiff allegedly slipped and fell on the premises of the Frontier Hotel in Las Vegas, Nevada, on September 19, 1973. Service of process in this action, which names "Frontier Hotel of Las Vegas" as defendant, was made on June 26, 1974 on one Mark

Sorenson at 24 Central Park South, New York, New York. Defendant moved to dismiss the complaint for lack of personal jurisdiction. The moving affidavits allege that (1) there is no legal entity known as "Frontier Hotel of Las Vegas", (2) the Frontier Hotel is owned by Summa Corporation, a Delaware corporation which has not filed a certificate of doing business in New York, (3) Summa Corporation does not transact business in New York, (4) it has no officers or employees who are in or who come to New York on a regular basis for the transaction of business, (5) Mark Sorenson is not an officer or employee of Summa Corporation or of the Frontier Hotel of Las Vegas, but is an employee of Sands, Inc., a totally different entity, and (6) Summa Corporation has not appointed an agent for the acceptance of service of process in New York. Annexed to the opposing affirmation of plaintiff's attorney are exhibits which show the following listings in the Manhattan Telephone Directory for 1972–1973 (p 575): "Frontier Hotel Las Vegas Nevada No Charge to Calling Party    800   648-0966 Frontier Hotel Las Vegas Nevada 24 Central Pk S.      759-6220". The Manhattan Telephone Directory for 1974–1975 (the one current at the time of the service of process) has the following listing at page 563: "Frontier Hotel Las Vegas Nevada No Charge to Calling Party     800   634-6966". The Manhattan Yellow Pages Directory for 1974 has the following listing at page 962: "Frontier Hotel For Reservations Dial Direct Las Vegas Nevada No Charge to Calling Party      800   634-6966". The affirmation states that when the Frontier Hotel of Las Vegas was called at telephone number 800-634-6966, Mr. Harold B. Berel was told that the summons and complaint should be left with Mr. Sorenson, "who would accept service and forward the summons and complaint to them in Las Vegas, Nevada", and "that at no time did the manager of the Frontier Hotel who spoke to Mr. Berel deny doing business in the State of New York or transacting same." There is no supporting affirmation by Mr. Berel, who is a member of the law firm which represents plaintiff, and no statement as to when his conversation took place or as to the name of the "manager". On this bare record, Special Term denied the motion to dismiss, stating merely that "the court feels, after an examination of all the papers before it, that the defendant is doing business in New York. Defendant does not contradict plaintiff's statement that defendant told plaintiff's attorney to leave summons and complaint with Mr. Sorensen (sic)." We disagree. The burden of proving in personam jurisdiction is upon the party asserting it (Lamarr v Klein, 35 AD2d 248, affd 30 NY2d 757). The imprecise hearsay allegation that an unnamed person in the Nevada Hotel advised that service of the papers should be made upon a named individual in New York does not rise to the level of proof that the latter was "an officer, director, managing or general agent" as required by CPLR 311 (subd 1) to effectuate service of process upon a foreign corporation. This is especially so when contrasted with the statement in the affidavit of an officer of Summa Corporation that Mark Sorenson was not an employee of that corporation (cf. Leasco Data Processing Equip. Corp. v Maxwell, 319 F Supp 1256). Plaintiff has not established that jurisdiction was obtained pursuant to CPLR 301 under the traditional "doing business" test. The solicitation of guests by the listing in a local telephone directory of the toll-free direct-line telephone number of the Nevada hotel is not enough to support a finding that the corporate owner of the hotel was within our jurisdiction (see Miller v Surf Props., 4 NY2d 475; Meunier v Stebo, Inc., 38 AD2d 590). Neither does such activity constitute the transaction of business within this State requisite for jurisdiction under CPLR 302 (subd [a], par 1).

(See *Meunier v Stebo, Inc., supra; Greenberg v. R. S. P. Realty Corp.*, 22 AD2d 690.) Hopkins, Acting P. J., Martuscello, Cohalan, Christ and Munder, JJ., concur.