■ ALBERT D. PRENTICE, JR., et al., Respondents, v DEMAG MATERIAL HANDLING, LTD., Appellant. — Order unanimously affirmed, with costs. Memorandum: Respondents commenced this personal injury action by service of a summons on a corporate officer at the corporation headquarters in Mississauga, Ontario. The complaint, served later, alleged that respondents were injured by the failure of a chain hoist manufactured by appellant in

Canada and shipped by appellant to respondent husband's employer in New York. Appellant then moved pursuant to CPLR 3211 (subd [a], par 8) for an order dismissing the complaint for lack of personal jurisdiction. In an affidavit attached to the notice of motion a corporate officer swore that appellant does not "do business" in New York, that it has no agents or representatives in the State and that it does not derive substantial revenue from goods used or consumed or services rendered here. Respondents claim that jurisdiction is authorized by CPLR 302 (subd [a], par 3, cl [ii]) which confers jurisdiction over a defendant who commits a tortious act without the State causing injury within the State where the defendant should have reasonably expected forum consequences and where it derives substantial revenue from interstate or international commerce. Since appellant shipped the hoist from its plant in Canada to respondent husband's employer in North Tonawanda, appellant must be deemed to have been aware that any tortious act it committed during the manufacture of the hoist would have forum consequences. At issue is the question whether appellant was sufficiently engaged in international commerce so as to meet the second requirement for personal jurisdiction under CPLR 302 (subd [a], par 3, cl [ii]). At a hearing held to determine this issue, respondents produced a recent Dun & Bradstreet financial report that indicated that appellant was indeed heavily engaged in international trade. Appellant produced no evidence other than the affidavit alleging that appellant was not "present" in New York. Special Term denied the motion, specifically holding that respondents had established evidentiary facts that showed appellant's heavy involvement in international trade and that the assumption of personal jurisdiction over appellant was not contrary to the holding of the United States Supreme Court in *World-Wide Volkswagen Corp. v Woodson* (444 US 286). Special Term properly exercised its discretion in relying on the Dun & Bradstreet report to reach its conclusion that appellant had sufficient ties to New York to sustain personal jurisdiction. Although the report technically is hearsay, the accuracy of the information found in the report is vouched for by the fact that the report was prepared for the use of people in the financial trade without regard to litigation (see New York Proposed Code of Evidence [West 1980 Special Pamphlet], § 803, Commentary subd [17], pp 197-198). Since appellant is in sole possession of information that may refute the allegation that it engages in substantial international trade, denial of appellant's motion at this stage of the action was proper (see Siegel, New York Practice, § 93, pp 108-109). *World-Wide Volkswagen Corp. v Woodson (supra)*, does not require a contrary conclusion. In that case the Supreme Court restated its position that "long arm" jurisdiction must be sustained by minimal jurisdictional contacts. Although it dismissed the cause of action against two defendants for lack of jurisdiction the court stated (pp 297-298) "The forum state does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State". Unlike the defendants in *World-Wide Volkswagen*, appellant here undertook the affirmative act of delivering its product to the ultimate purchaser in this State. Having done so, appellant cannot now claim that it was not reasonably foreseeable that someday it might have to defend itself in the courts of this State. (Appeal from order of Erie Supreme Court — dismiss complaint.) Present — Cardamone, J. P., Simons, Callahan, Denman and Schnepp, JJ.