Beryl WISSELMAN and Jerome
Wisselman, Plaintiffs,

v.

MOUNT SNOW, LTD. d/b/a Mt.
Snow, Defendant.

No. 80 C 3005.

United States District Court,
E. D. New York.

Oct. 7, 1981.

---

Norman A. Kaplan, Great Neck, N. Y.,
for plaintiffs.

Standard, Weisberg, Heckerling & Rosow, P. C., New York City by Steven A. Peisak, New York City, for defendant.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiffs, husband and wife, are residents of New York. Defendant, Mt. Snow,

Ltd., is a Vermont corporation which owns and operates the Mt. Snow Ski Area in West Dover, Vermont. Plaintiffs bring this diversity action, alleging that Beryl Wisselman suffered injuries from an accident which occurred while she was partaking in ski lessons provided by defendant. Claiming that defendant's negligence caused the accident, plaintiffs seek damages for the physical and emotional injuries allegedly sustained by Beryl Wisselman and the attendant loss of consortium and services by Jerome Wisselman. Mt. Snow seeks to dismiss the complaint under Rule 12(b)(2) for lack of personal jurisdiction, or alternatively to transfer the action to the United States District Court for the District of Vermont under 28 U.S.C. § 1404(a).

■ Personal jurisdiction over a foreign corporation in a diversity action is governed by the law of the forum State. *Arrowsmith v. United Press Int'l*, 320 F.2d 219 (2d Cir. 1963). Plaintiffs assert jurisdiction under N.Y. CPLR § 302(a)(1), which provides:

"§ 302. Personal jurisdiction by acts of non-domiciliaries

(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

(1) transacts any business within the state or contracts anywhere to supply goods or services in the state;"

■ To gain coverage under § 302 plaintiffs must prove "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). But plaintiffs need not submit proof sufficient to establish their claim on the merits. Rather, to invoke jurisdiction of the Court they must only establish prima facie evidence that Mt. Snow conducted in New York the type of business which, through its relation with the cause of action, brings Mt. Snow within

the reach of the long-arm statute, § 302. *United States v. Montreal Trust Co.*, 358 F.2d 239, 242–43 (2d Cir.), *cert. denied*, 384 U.S. 919, 86 S.Ct. 1366, 16 L.Ed.2d 440 (1966).

■ Examining the pleadings, affidavits and depositions in the light most favorable to plaintiffs, as the non-moving party, *China Union Lines, Ltd. v. American Marine Underwriters, Inc.*, 454 F.Supp. 198, 199–200 (S.D.N.Y.1978); 2A Moore's Federal Practice ¶ 12.14, at 2335–36 (2d ed. 1980), the Court is of opinion that in personam jurisdiction does not lie. The undisputed facts are as follows.

■ Plaintiffs went to a ski shop in Forest Hills, New York, several months prior to the injury at issue. In the shop an individual represented himself as an employee of Mt. Snow, gave plaintiffs brochures, and recommended that they ski Mt. Snow. The individual did not take reservations nor book accommodations, nor is it disputed that the sole manner in which reservations can be made is by calling Mt. Snow in Vermont. Plaintiffs subsequently went to Mt. Snow, over the weekend of March 3, 1979, during which time Mrs. Wisselman entered into a ski lesson at the Mt. Snow Ski School and fell on a spot of ground without snow, sustaining the complained of injuries.

Mt. Snow employees travel to New York for business purposes, soliciting business through travel agencies and distribution of brochures and films. Mt. Snow purchases ski equipment, foodstuffs and machinery parts from New York firms and advertises in New York magazines, newspapers, radio and television. But Mt. Snow has no office, place of business, bank account or Registered Agent in New York. Nor has it filed a certificate of doing business here. There is no agent in New York that can make a binding commitment on behalf of Mt. Snow.

With these facts in mind, the Court is of the view that, even assuming defendant has performed acts which constitute transaction of business in New York, plaintiffs have failed to show that the cause of action

*arises from* those acts, as required by § 302. On this point the Court of Appeals, in *Fontanetta v. American Board of Internal Medicine*, 421 F.2d 355, 357 (2d Cir. 1970), stated:

> "Accordingly, section 302(a)(1) requires only that the defendant 'transact' business in the state, but the cause of action must 'arise' from the business so transacted. The latter requirement is thus an important condition of acquiring jurisdiction over the non-domiciliary defendant."

New York courts have consistently held that when no direct relation exists between the wrong sued upon and the business transacted in New York, solicitation and even contractual arrangements for an out-of-State concern do not suffice to justify jurisdiction under § 302. For example, in *Noble v. Singapore Resort Motel*, 21 N.Y.2d 1006, 290 N.Y.S.2d 926, 238 N.E.2d 328 (1968), plaintiffs sued a Florida corporation which operated a Florida motel for injuries sustained at the motel. Plaintiffs had learned of the motel through advertisements in New York newspapers, and a New York travel agent secured the reservations, but the court held "the cause of action . . . did not arise from the transaction of any business in New York within the sense of CPLR 302 (subd. [a], par. 1) . . . ." 21 N.Y.2d at 1008, 290 N.Y.S.2d at 927, 238 N.E.2d 328. See also, *Ziperman v. Frontier Hotel*, 50 A.D.2d 581, 374 N.Y.S.2d 697 (2d Dept. 1975); *Meunier v. Stebo, Inc.*, 38 A.D.2d 590, 328 N.Y.S.2d 608 (2d Dept. 1971); *Greenberg v. R.S.P. Realty Corp.*, 22 A.D.2d 690, 253 N.Y.S.2d 344 (2d Dept. 1964).

Applying New York law, the Second Circuit has reached similar results. Thus, in *Gelfand v. Tanner Motor Tours, Ltd.*, 339 F.2d 317, *on remand*, 385 F.2d 116 (2d Cir. 1967), *cert. denied*, 390 U.S. 996, 88 S.Ct. 1198, 20 L.Ed.2d 95 (1968), the Court of Appeals concluded that § 302(a)(1) was inapplicable where plaintiffs sustained injuries in a tour bus accident during an out-of-State tour for which they had purchased tickets in New York. The court stated:

> "§ 302 is limited, insofar as it is relevant, to 'a cause of action arising from . . . business [transacted] within the state.' We assume for the sake of argument that the sale of the tickets by defendants to plaintiffs through Herren-Rogers was a business transaction within New York. We cannot, however, agree that plaintiffs' cause of action in tort arose from that sale. The alleged negligence of defendants, the subsequent injury to plaintiffs, and every relevant occurrence connecting these two events, all took place three thousand miles from Long Island, New York. It cannot even be said that the duty of due care owed by defendants to plaintiffs arose in New York, for that duty did not finally arise until plaintiffs boarded defendants' bus in Las Vegas. We are referred to no appellate court cases, nor has our own research disclosed any, which uphold jurisdiction over a personal injury claim on anything like such slender grounds."

339 F.2d at 321–22. See also *Sanders v. Wiltemp Corp.*, 465 F.Supp. 71 (S.D.N.Y. 1979).

■ Accordingly, since plaintiffs have failed to make a prima facie showing that the cause of action arises out of Mt. Snow's business transactions in New York, defendant's motion to dismiss the complaint for lack of personal jurisdiction is hereby granted. Notwithstanding dismissal, however, the Court retains the power to grant defendant's motion to transfer the suit to the District of Vermont. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); 28 U.S.C. § 1404(a). But defendant has not shown that the convenience of the parties and witnesses and the interests of justice would be served by transferring the action. Rather, it appears that "transfer would merely shift the inconvenience from one party to the other," *De Luxe Game Corp. v. Wonder Products Co.*, 166 F.Supp. 56 (S.D.N.Y.1958); therefore, defendant's motion to transfer is denied.

SO ORDERED.

The Clerk of the Court is directed to enter judgment dismissing the complaint,

and is further ordered to forward copies of this memorandum and order to counsel for the parties.