■ RING SALES COMPANY, Respondent, v WAKEFIELD ENGINEERING, INC., Appellant. — In an action to recover damages for breach of contract, defendant appeals from an order of the Supreme Court, Rockland County (Skahen, J.), entered October 30, 1980, which denied its motion to dismiss the complaint for lack of personal jurisdiction, for failure to state a cause of action, and for lack of legal capacity to sue. Order reversed, on the law, with $50 costs and disbursements, motion granted and complaint dismissed for lack of personal jurisdiction. Plaintiff Ring Sales Company is the name of a business owned by Joseph Goldman and his wife Shirley. According to the complaint it functions as a "manufacturer's representative of electronic components", and is based in Rockland County, New York. The defendant is a Massachusetts corporation which manufactures "heat dissipating devices and component testing systems". Plaintiff claims that defendant owes it some $45,000 in commissions

earned pursuant to a contract whereby it was given authority to sell defendant's products in Kearny, New Jersey, and in Lisle and Cicero, Illinois. Defendant denies the existence of the contract. In his affidavit in opposition to defendant's motion to dismiss the complaint, Joseph Goldman claims that New York has personal jurisdiction over defendant because he is "aware of the fact" that defendant solicits and sells products within the State of New York and "employees * * * often entered New York for business purposes on behalf of Wakefield". According to defendant, it sells its products in 39 States. Sales to New York buyers are solicited by three independent sales representatives under contract with defendant. Allegedly none of defendant's employees solicit or conduct any business in New York State. Jurisdiction under CPLR 302 (subd [a], par 1) is lacking because plaintiff has set forth no "articulable nexus between the business transacted [within New York] and the cause of action sued upon" (*McGowan v Smith*, 52 NY2d 268, 272). Plaintiff alternatively argues that jurisdiction exists under CPLR 301 in that defendant is "present" within the State by virtue of its "doing business" here. No evidence has been proffered to indicate that the sales representatives named by defendant, which do solicit New York customers for defendant's products, are either agents or subsidiaries of defendant (see *Delagi v Volkswagenwerk AG of Wolfsburg, Germany,* 29 NY2d 426; *Frummer v Hilton Hotels Int.,* 19 NY2d 533). Nor is there any proof of substantial business activities within New York in addition to solicitation. The sole possible basis for jurisdiction, then, is to find that defendant, through its own employees present in New York, solicits business here in a sufficiently systematic and continuous manner (*Laufer v Ostrow,* 55 NY2d 305). This is disputed by defendant. In response, Joseph Goldman makes the vague and generalized assertion that he is "aware" that defendant's "employees * * * often entered New York for business purposes". He does not set forth the basis of his "awareness", or the nature, frequency or extent of the alleged business contacts. Plaintiff asserts on appeal that it is incumbent on defendant to come forward with evidence contrary to his generalization because the latter has sole possession of the necessary information (see *Prentice v Demag Material Handling,* 80 AD2d 741). This is gainsaid by Goldman's own assertion that he is "aware" of the pertinent facts. It also places on defendant the almost impossible burden of proving the existence of a negative, since defendant denies that its employees operate in New York. Placing such a requirement on defendant would impermissibly shift the burden of proof. The burden of establishing jurisdiction is plaintiff's (*Cato Show Print. Co. v Lee,* 84 AD2d 947). Goldman, on behalf of the plaintiff, had a full and adequate opportunity at Special Term to reveal the foundation for his statement and what he meant by it, but he did not. Without such, plaintiff has failed to make a prima facie showing of jurisdiction or even to show that a hearing is required to resolve the matter (*Cato Show Print. Co. v Lee, supra,* p 949). Because we are dismissing the complaint for want of personal jurisdiction, we find it unnecessary to address ourselves to defendant's other contentions on appeal. Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.